UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cr-00030

**United States of America,**
*Plaintiff,*
v.
**Jose Humberto Ramos-Marmol,**
*Defendant.*

Before BARKER, *District Judge*

## ORDER

On May 15, 2019, defendant was charged by indictment with being found in the United States after his removal from this country, in violation of 8 U.S.C. § 1326(a). Doc. 10. Defendant entered into a plea agreement, admitting that he was guilty of that offense and that the § 1326(b)(2) sentencing enhancement applies, making the maximum prison term 20 years. Doc. 20; *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (holding that subsection (b)(2) is a sentencing enhancement, not an element of a separate offense).

Defendant consented to have a magistrate judge take his guilty plea. Doc. 19. At the change-of-plea hearing, the magistrate judge misstated the applicable sentencing-enhancement statute as subsection (b)(1) of § 1326, which authorizes a lesser penalty than subsection (b)(2). The magistrate judge's report (Doc. 24) repeats the mistaken citation in the preamble to its findings. At the change-of-plea hearing, however, the magistrate judge correctly informed defendant of the maximum 20-year sentence. And defendant confirmed his understanding of the indictment and his plea agreement, which correctly recites the maximum penalty under §1326(b)(2). Given that context, and upon a complete review of the plea colloquy, the court finds that the mistaken citation was harmless and does not affect defendant's substantial rights. *See* Fed. R. Crim. P. 11(h).

Accordingly, the court modifies the preamble to the magistrate judge's findings to reflect that the admitted sentencing enhancement arises under § 1326(b)(2) and otherwise accepts the report's findings and recommendation. Defendant's plea of guilty is **accepted**.

It would have been helpful if the plea agreement had cited a provision of Rule 11(c)(1) when "stipulat[ing]" that certain Sentencing Guidelines calculations apply. But the court understands that stipulation as a Rule 11(c)(1)(C) agreement and, pursuant to Rule 11(c)(3)(A), **defers** a decision on accepting the plea agreement until the court has reviewed the presentence report.

*So ordered by the court on July 11, 2019.*

J. CAMPBELL BARKER
United States District Judge